972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas CLARK; Nancy Clark, Plaintiffs-Appellees,
v.
MARYLAND HOSPITALITY, INCORPORATED, Defendant-Appellant,
Edgar Sims, Jr.; Jeanette I. Sims, General partners of KDCA
Partnership, a Maryland General Partnership;
Andrew M. Sims, d/b/a Best Western
Maryland Inn, Defendants.
 No. 91-2091.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1992
Decided: August 6, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Michael Patrick Broderick, DONOVAN & O'CONNELL, for Appellant.
 Joseph M. Sellers, WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, for Appellees.
 Jill Ann Reid, DONOVAN & O'CONNELL, for Appellant.
 John P. Relman, WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, Elizabeth T. Jester, James E. Williams, JESTER & WILLIAMS, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Maryland Hospitality, Inc., moved for judgment notwithstanding the verdict after a jury found it intentionally discriminated against Thomas and Nancy Clark on the basis of race. The district court denied the motion. We affirm.
 
 
 2
 Maryland Hospitality, Inc., a motel management company, leases the Best Western Maryland Inn from KDCA Partnership. Thomas and Nancy Clark, two black individuals, live within five or six miles of the Maryland Inn. On July 5, 1988, a desk clerk denied them a room, telling them that the motel did not rent to local residents.
 
 
 3
 The Clarks filed a complaint with the Prince George's County Human Relations Commission alleging racial discrimination. The commission sent two testers to the motel, one black and the other white. The desk clerk asked the black tester for identification, then told him he could not stay in the motel because he was a local resident. Although the white tester used a local address when registering, the clerk on duty rented him a room without asking for identification or questioning his reasons for staying at the motel.
 
 
 4
 The Clarks sued Maryland Hospitality and individuals associated with Maryland Hospitality, claiming that the policy of not renting to local residents was a pretext for intentional racial discrimination. Count I alleged that the Clarks were denied "their right to full and equal enjoyment of the services, facilities, privileges, advantages and accommodations" of the motel in violation of 42 U.S.C. § 2000a et seq. Count II alleged that they were denied"the same right to make and enforce contracts as is enjoyed by white citizens" in violation of 42 U.S.C. § 1981.
 
 
 5
 The case was tried before a jury. The Clarks dismissed their claims against one of the individual defendants at the beginning of the trial.
 
 
 6
 The Clarks presented evidence that 109 local residents had stayed at the motel from June through August, 1988. Of the 21 who were contacted through a telephone survey, 20 were white. Five of them testified for the Clarks. The trial testimony indicated that the motel did not apply its policy uniformly and that the desk clerks had broad discretion in deciding who could stay at the motel. A survey of other Best Western motels in the area indicated that none of them had a similar policy.
 
 
 7
 At trial Maryland Hospitality and the remaining defendants tried to prove that the Maryland Inn has a racially neutral policy of not renting to people who live within 60 miles of it. The defendants contended that the motel has this policy in order to maintain a wholesome atmosphere. Present and past employees of the Maryland Inn testified on behalf of the defendants.
 
 
 8
 The defendants moved for a directed verdict at the end of the Clarks' case and again at the close of all the evidence. The parties agreed that the only possible remedy under count I was injunctive relief and that therefore the court and not the jury would have to rule on that count. The court submitted count II to the jury, which returned a verdict in favor of the remaining individual defendants but against Maryland Hospitality. The jury found Mary land Hospitality liable to the Clarks for one dollar in compensatory damages.
 
 
 9
 Shortly after the trial the Clarks moved for permanent injunction under count I, the defendants moved for entry of judgment on count I, and Maryland Hospitality filed a motion for judgment notwithstanding the verdict on count II. The district court ruled in favor of all defendants on count I and denied Maryland Hospitality's motion for judgment notwithstanding the verdict on count II. Maryland Hospitality appeals the denial of its motion. The Clarks' appeal was dismissed pursuant to FRAP 42(b) upon a joint motion of the parties.
 
 
 10
 When reviewing a district court's denial of a motion for judgment notwithstanding the verdict
 
 
 11
 the evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the nonmoving party is assumed. Assessed in this way, the evidence must then be "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party...."
 
 
 12
 Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988) (quoting Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891 (4th Cir. 1980)) (citations omitted) (alteration in original). See also Tights, Inc. v. Acme-McCrary Corp., 541 F.2d 1047, 1055-56 (4th Cir. 1976).
 
 
 13
 Applying this standard of review, we find that the district court did not err in denying Maryland Hospitality's motion for judgment notwithstanding the verdict. Accordingly, we affirm the district court judgment.
 
 AFFIRMED